## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Shawn M. Zastoupil, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS** |
| vs. | ) | |
| | ) | |
| Government/Military, | ) | |
| | ) | Case No. 1:22-cv-167 |
| Defendant. | ) | |

Before the court is a Motion to Dismiss filed by the United States on August 22, 2022. (Doc. No. 8). For the reasons that follow, the motion is granted.

## I.    BACKGROUND

Plaintiff Shawn M. Zastoupil ("Zastoupil") initiated this action pro se with the filing of a Complaint on April 19, 2022. (Doc. No. 1). In his Complaint he names the Government/Military as the defendant. He then goes on the assert a claim that reads as follows in its entirety:

> Born in 1987 a US citizen growing up in New Hradec North Dakota I have been set up and living a premeditated government satellite program made by the US Government against my will along with bring public danger to others.

(Id.). Finally, in his prayer for relief, he requests "compensation" for "extreme damages." (Id.).

On August 22, 2022, the United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 8). On August 29, 2022, Zastoupil filed a response in opposition to the motion, Consequently, the motion is ripe for the court's consideration. (Doc. No. 10).

1

## II.  APPLICABLE RULES

### A.  Fed. R. Civ. P. 12(b)(1)

Parties may assert a lack of jurisdiction by motion under Fed. R. Civ. P.  12(b)(1).  This defense may be brought in two ways: by facial attack or by factual attack.  Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015).  A facial attack simply asserts the plaintiff has not plead a basis for subject matter jurisdiction.  Id.  In a facial attack, the court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'"  Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)).  A factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  Branson Label, 793 F.3d at 914-15 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

### B.  Fed. R. Civ. P. 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id..  A plaintiff must show that success on the merits is more

than a "sheer possibility." Id.  "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  The court

must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of

the elements of a cause of action." Id. at 681.  *Pro se* complaints are held to less stringent standards

than formal pleadings drafted by lawyers.  Detailed factual allegations are not necessary under the

Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not

"suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S.

at 678 (2009).  The determination of whether a complaint states a claim upon which relief can be

granted is "a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt that

the plaintiff can prove no set of facts entitling the plaintiff to relief.  Ulrich v. Pope Cnty, 715 F.3d

1054, 1058 (8th Cir. 2013).

## III.   DISCUSSION

The United States asserts in its motion that dismissal of this action is appropriate as

Zastoupil's complaint is devoid of sufficient facts to constitute the basis for facially plausible claim.

Additionally, it asserts that Zastoupil has not met his burden of identifying a waiver of its sovereign

immunity and therefore has failed to establish a basis for this court's exercise of jurisdiction.

In his response, Zastoupil repeats his one-sentence claim.  Next, he states "that the United

States does have background information to my statement of claim being a government program

including three squares or rectangles with satellite technology [ ] was made by the US military that

involves all others of Public."  (Doc. No. 10).  He then asserts that the court must construe his

Complaint liberally and in so doing afford him the benefit of any doubt. Finally, citing the Tucker

Act, he asserts that the United States has waived its sovereign immunity from suit.

First, giving Zastoupil the benefit of every doubt and his Complaint the most liberal of

constructions, the court finds that his Complaint fails to satisfy Rule 8's basic pleading requirements.

Zastoupil does not articulate a specific statutory or constitutional basis for his claim against the

Government/Military.  Moreover, his one line assertion--that the Government/Military has set up

a satellite program against his will and that poses unspecified dangers to others–is conclusory.

Consequently, he has not presented sufficient facts to form the basis for a facially plausible claim.

Second, the court finds that Zastoupil has failed to meet his burden in demonstrating that the

United States has waived its sovereign immunity.  Zastoupil's reliance on the Tucker Act is

misplaced.

"Jurisdiction over any suit against the [United States] Government requires a clear statement

from the United States waiving sovereign immunity ... together with a claim falling within the terms

of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003).  Indeed,

it is "axiomatic that the United States may not be sued without its consent and that the existence of

consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).

Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed."

Mitchell, 463 U.S. at 239. Thus, absent an express waiver of sovereign immunity, a district court

lacks jurisdiction over claims against the United States. See, e.g., Mitchell, 463 U.S. at 212.  It is

the plaintiff's burden to "identify a waiver of sovereign immunity in order to proceed against the

4

United States. If [it] cannot identify a waiver, the claim must be dismissed on jurisdictional grounds." Reetz v. United States, 224 F.3d 794, 795 (6th Cir. 2000).

"The Tucker Act gives the Court of Federal Claims jurisdiction to hear monetary claims against the United States founded either upon an express or implied contract or upon a provision of the Constitution, or any Act of Congress, or any regulation of the executive department that 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Cathedral Square Partners Ltd. P'ship v. S. Dakota Hous. Dev. Auth., 679 F. Supp. 2d 1034, 1039 (D.S.D. 2009).  The Tucker Act consists of two parts: 28 U.S.C. § 1491 and 28 U.S.C. § 1346(a)(2), which is commonly known as the "Little Tucker Act." Id., see also Taylor v. United States, 248 F.3d 736, 737 (8th Cir. 2001).  The Little Tucker Act "provides for concurrent jurisdiction in the district courts and the United States Court of Federal Claims for any 'civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress ....'" Taylor v. United States, 248 F.3d 736, 737(quoting 28 U.S.C. § 1346(a)(2)). "Section 1346 also expressly waives the United States' sovereign immunity where the law involved—Constitution, statute or regulation—creates a substantive right to recover money damages against the United States." Id. (citing United States v. Testan, 424 U.S. 392, 398 (1976). "The substantive right to recover money damages does not exist in the Tucker Act itself; rather, the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Id. (internal quotation marks omitted).

As noted above, Zastoupil has not articulate the constitutional or statutory basis for his claim against the Government/Military.  Thus, he has not provided the court with a source of substantive

law that can be fairly interpreted as mandating compensation for any damages that he has allegedly sustained.[1]  "Where there is no substantive right to recover damages from the federal government, § 1346(a)(2) does not act as a waiver of the sovereign immunity of the United States." Id.  And without a waiver of sovereign immunity, this court lacks jurisdiction.

IV.    **CONCLUSION**

The court **GRANTS** the United States' Motion to Dismiss and **DISMISSES** the above-captioned action without prejudice for failure to state a cognizable claim and for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

---

[1] Zastoupil has not quantified his damages.  If his damages are less than $10,000, then this court and the Court of Federal Claims would, as noted above, have concurrent jurisdiction over his claim (provided that it arises out of source of substantive law that can be fairly interpreted as mandating compensation for any damages).  See 28 U.S.C. § 1346(a)(2).  If, however, his damages exceed $10,000, the Court of Federal Claims would have exclusive jurisdiction over his claim.  28 U.S.C. § 1491.